IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:20-CV-00186 |
| | § | |
| $1,659,359.04 IN UNITED STATES CURRENCY | § | |
| | § | |
| Defendant | § | |

# AGREED VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1. This is an action to forfeit property to the United States for violations of 42 U.S.C. § 1320a-7b(b).

Defendant In Rem

2. The following property is the subject of this action: $1,659,359.04 in United States currency (hereinafter, "Defendant Property").

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to

**Complaint – Page 1**

28 U.S.C. § 1355(a).  The Court also has jurisdiction over this action under 18 U.S.C. § 981(a)(1)(C).

    4.      The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

    5.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

    6.      The Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because it is property, real or personal, which constitutes or is derived from proceeds traceable to an offense constituting a "specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.

Facts

    7.      The facts and circumstances supporting the forfeiture of the above-described property are contained in the Statement of Facts pertaining to Strategic Pharmacy Services, Inc., which is attached hereto and incorporated herein by reference.

Potential Claimant

    8.      Strategic Pharmacy Services, Inc. has waived the requirement of any and all applicable laws, rules, or regulations governing the forfeiture of the Defendant Property.

<u>Claim for Relief</u>

9.     The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD
Assistant United States Attorney
Texas Bar No. 24060122
110 N. College, Ste. 700
Tyler, TX 75702
Tel: (903) 590-1400
Fax: (903) 590-1439
Nathaniel.Kummerfeld@usdoj.gov

**Complaint – Page 3**

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Nathaniel C. Kummerfeld, hereby state that:

1. I am an Assistant United States Attorney for the Eastern District of Texas.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States and information received from law enforcement officers.

I state and verify under penalty of perjury that the foregoing is true and correct.

> */s/ Nathaniel C. Kummerfeld*
> Nathaniel C. Kummerfeld
> Assistant United States Attorney

Dated:  April 8, 2020

## ATTACHMENT A

### STATEMENT OF FACTS

1. The following Statement of Facts is incorporated by reference as part of the Non-Prosecution Agreement ("this Agreement") between the United States Attorney's Office for the Eastern District of Texas ("this Office") and Strategic Pharmacy Services, Inc. (SPS) (the "Company"). The Company hereby agrees and stipulates that the following information is true and accurate. The Company admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents as set forth below. If it is determined that the Company has committed any felony after signing this Agreement; has given false, incomplete, or misleading testimony or information; or has otherwise violated any provision of this Agreement, the Company agrees that it will neither contest the admissibility of nor contradict this Statement of Facts in any such proceeding.

2. The Medicare Program (Medicare) is a federal health care program providing benefits to persons who are sixty-five and over and some persons under the age of sixty-five who are blind or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services (HHS). Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries."

3. Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), in that it is a public plan affecting commerce under which medical benefits, items, and services are provided to individuals and under which

individuals and entities who provide medical benefits, items, or services may obtain payments.

4. Medicare is a "federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f), in that it is a plan or program that provides health benefits, whether directly, through insurance, or otherwise, which is funded directly, in whole or in part, by the United States Government.

5. Part D of the Medicare program, known as Medicare prescription drug coverage, helped beneficiaries cover the cost of prescription drugs. Medicare offered Part D through approved private insurance companies.

6. Part C of the Medicare program, known as Medicare Advantage (MA), was offered through private insurance companies approved by CMS to offer MA plans. Private insurance companies approved to offer these plans are known as MA Organizations. Most MA plans provided Part D Medicare prescription drug coverage. MA Organizations were required to adhere to all Medicare laws and rules.

7. At all relevant times, Pharmaceutical Technologies, Inc. (PTI) and National Pharmaceutical Services (NPS), a division of PTI, were located in Omaha, Nebraska. PTI operated as a pharmacy benefits manager (PBM) providing for the administration and delivery of pharmacy products and services through a network of pharmacies to various "employee welfare benefit plans" as defined by Title I of ERISA and to various "health care benefit programs" as defined by 18 U.S.C. § 24, either directly or indirectly through contracted entities, including third-party administrators (TPAs) and private label PBMs. At times, PTI was a direct service provider to ERISA-covered employee welfare

benefit plans and was, on those occasions, a party in interest as defined by ERISA. Douglas M. Pick (Pick), who resided in Omaha, Nebraska, was the President and Chief Executive Officer (CEO) of PTI from 1992 to April 2013.

8. PTI developed a pharmacy benefit management system under which NPS provided for the administration and delivery of pharmacy products and services through a network of pharmacies. PTI contracted with Producers, individuals who had business relationships with health and welfare benefit plans for employers and other payor or administrator groups or entities which could utilize the NPS system in connection with the delivery of pharmacy products and services benefits to members of their respective health and benefit plans. These groups were known as "Target Groups." PTI and its Producers entered into contractual relationships whereby the Producer identified Target Groups to PTI and assisted PTI in establishing contractual agreements through which PTI would provide administrative services for the pharmacy products and services component of the Target Groups' health and benefits plans. During his tenure, Pick was primarily responsible for negotiations with Producers.

9. For each Target Group identified by the Producer during the term of the Producer Agreement, with whom PTI executed a Pharmacy Benefits Administration Agreement (which were known as "Contracted Groups"), PTI would compensate Producers at contracted rates. The amounts of the payments made to Producers were based upon PTI's receipt of payments for PTI administration services payable by the Contracted Groups under Pharmacy Benefits Administration Agreements.

10. At times, certain PTI Producer Agreements were used to facilitate the

payment of illegal kickbacks to certain Producers who used their positions to steer business to PTI in exchange for payments from PTI. At times, PTI Producer Agreements, and subsequent payments made in accordance with those Agreements, violated the Title 42 Anti-Kickback Statute (42 U.S.C. § 1320a-7b) and other applicable statutes.

11. From at least January 2009 until March 2013, Fidel Valenzuela (Valenzuela), SPS's owner and President, served as the Interim Director of Pharmacy of Inter Valley Health Plan (IVHP) and as a member of IVHP's Pharmacy & Therapeutics (P&T) Committee, a committee comprised of individuals who are tasked with choosing which pharmaceutical drugs are placed on IVHP's drug formularies. Inter Valley Health Plan was a not-for-profit, MA plan providing health insurance products for more than 20,000 Medicare members throughout Los Angeles, Riverside, San Bernardino, and Orange Counties. All of IVHP's MA plans included Medicare prescription drug Part D coverage.

12. On December 1, 2002, Valenzuela, on behalf of SPS, and Pick, on behalf of PTI, entered into a PTI Producer Agreement. At the time Valenzuela and Pick entered into the PTI Producer Agreement, Valenzuela also worked on behalf of IVHP.

13. From November 2002 until December 2005, SPS was paid on a per claim basis for the Medicare plans that SPS referred to PTI. Beginning in January 2006, SPS was paid on a per member basis.

14. Between December 2002 and February 2014, SPS received producer payments from PTI, including $1,106,239.36 in illegal kickbacks related to IVHP

members during the time that Valenzuela served as IVHP's Interim Director of Pharmacy.

15. From in or around December 2002, and continuing through in or around February 2014, in the Eastern District of Texas, and elsewhere, the defendant, SPS, acting through its officers and employees, knowingly and willfully solicited and received remuneration in exchange for the referral of IVHP beneficiaries to PTI for the purpose of furnishing pharmacy services, for which payment may be made in whole and in part under Medicare, a federal health care program.

16. The arrangement entered into between SPS and PTI related to IVHP amounted to a kickback arrangement which implicated the Anti-Kickback Statute and was not protected by any statutory exceptions or regulatory safe harbors.

17. SPS acknowledges that these acts constitute violations of 42 U.S.C. § 1320a-7b(b) (Illegal Remunerations).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:20-CV-00186 |
| | § | |
| $1,659,359.04 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant | § | |

## ORDER FOR WARRANT OF ARREST IN REM

TO: The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on April 8, 2020, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a person or organization authorized to execute it who may be a marshal or any other United

States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:20-CV-00186 |
| | § | |
| $1,659,359.04 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant | § | |

## APPLICATION FOR WARRANT OF ARREST IN REM

The United States of America, by its undersigned counsel, respectfully requests that the Clerk of this Court issue the attached warrant of arrest in rem pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its application, the United States shows as follows:

1. On April 8, 2020, the United States filed a complaint for civil forfeiture in rem in the above-referenced case seeking forfeiture of $1,659,359.04 in United States currency (defendant property).

2. The defendant property is in the possession, custody, and control of the United States Marshals Service.

3. Supplemental Rule G(3)(b)(i) provides that if property is subject to forfeiture in a civil forfeiture case, and the property is in the Government's possession, custody, or control, the clerk "must issue a warrant to arrest the property."

Accordingly, the United States respectfully requests that the Clerk of the Court issue the attached warrant of arrest in rem.

**Application for Warrant of Arrest in Rem – Page 1**

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY

*/s/ Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD
Assistant United States Attorney
Texas Bar No. 24060122
110 N. College, Ste. 700
Tyler, TX 75702
Tel: (903) 590-1400
Fax: (903) 590-1439
Nathaniel.Kummerfeld@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 6:20-CV-00186 |
| | § | |
| $1,659,359.04 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant | § | |

## WARRANT OF ARREST IN REM

TO:   The United States Marshals Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On April 8, 2020, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $1,659,359.04 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1**

YOU ARE COMMANDED to do the following:

1.     To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii) for exceptions for serving as soon as practicable] by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2.     Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

        DAVID O'TOOLE  
        Clerk of the Court  
        United States District Court for the  
        Eastern District of Texas

By:   _____  
      Deputy Clerk

**Warrant of Arrest in Rem – Page 2**

☙JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$1,659,359.04 in United States currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Smith
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Nathaniel C. Kummerfeld, USAO, 110 N. College, Ste. 700
Tyler, TX 75702, (903) 590-1400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☒ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 18 USC 981

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 04/08/2020

SIGNATURE OF ATTORNEY OF RECORD: /s/ Nathaniel C. Kummerfeld

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____